UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEW MEXICO

In re:

KATHERINE A. MAYNARD and
JAMES MAYNARD,

      Debtors.

Case no. 7-11-10539 TL

## MEMORANDUM OPINION ON MOTION TO REOPEN CASE

This matter came before the Court for hearing on February 19, 2013 to consider Debtors' Motion to Reopen Case, filed February 1, 2013, doc. 15 (the "Motion"). Debtors seek to reopen their case so they can challenge the enforceability of a certain reaffirmation agreement they signed with Ford Motor Credit Company, LLC ("Ford"). This is a core proceeding.

At the preliminary hearing, the parties asked the Court to rule on the Motion without further briefing or an evidentiary hearing. This request was made because the amount in controversy is small (several thousand dollars). The Court agreed to do so, even though the record is skimpy.[1] For the reasons set forth below, the Court denies the Motion.

### I. BACKGROUND

Debtors filed this no-asset chapter 7 case on February 10, 2011. In their Statement of Intention filed February 10, 2011, Debtors stated they intended to reaffirm their debt to Ford secured by their 2006 F-150 pickup truck.

---

[1] The record consists of the Court docket, including the Motion and the reaffirmation agreement at issue, and the representations of counsel made at the preliminary hearing, together with any responses thereto. For the purpose of ruling on the Motion as requested by the parties, the Court will assume all counsel representations are true unless they were disputed by opposing counsel at the hearing.

On March 23, 2011, Debtor's signed a reaffirmation agreement ("Agreement") with Ford. Ford filed the Agreement[2] with the Court on April 12, 2011.[3]

On April 13, 2011 Ford's attorney sent an e-mail to Debtors' attorney, stating that the Agreement was incomplete because a page was missing.[4] Debtors never amended the Agreement or provided the missing page to Ford.

A discharge order was entered June 1, 2011, and the case was closed.

On July 8, 2011 Debtors filed a Notice of Decision to Rescind, purporting to rescind the Agreement. The Notice contains no certificate of service. Both Debtors signed the Notice.

On July 11, 2011 the Clerk filed a Notice of Error on the docket, informing Debtors' counsel that the case was closed and that, if necessary, Debtors may file a motion to reopen the case.

At some point post-closing, Ford repossessed Debtors' truck, sold it, and obtained a deficiency judgment against the Debtors in state court.

Debtors seek to reopen their case so they can ask the Court to declare the Agreement void. The crux of Debtor's argument is that the Agreement is missing page 5, and therefore is unenforceable.

Ford argues that the Agreement is enforceable despite the missing page. Ford alleges that their counsel sent the entire Agreement (including the missing page) to the Debtors,[5] that Debtors' attorney is experienced and advised the Debtors before they signed the Agreement, and

---

[2] The Agreement was filed by Ford. This is permitted. *See In re Pitts*, 462 B.R. 844, 849 (Bankr. M.D. Fla. 2012). *See also* Fed.R.Bankr.P. 4008 (Advisory Committee Notes (2008)) ("Any party may file the agreement with the court.").

[3] The filed document is 11 pages. The first two pages are the "Reaffirmation Agreement Cover Sheet," Official Form B27 (12/09). The remaining pages are the Agreement itself. Ford used the Official Form 240A (1/07). The missing page is page 5, a version of which is attached to this opinion as Exhibit A.

[4] Debtors state that the e-mail is attached to the Motion, but apparently it was inadvertently omitted.

[5] Debtors' counsel did not contradict this representation.

that Debtors' attorney signed the Attorney Certification page. Furthermore, Ford argues that Debtors raised the defense of the Agreement's invalidity in the state court deficiency action, and the state court judge overruled the defense. Ford urges that Debtors should not be given a "second bite at the apple."

## II. THE ROOKER-FELDMAN DOCTRINE

> The Rooker-Feldman doctrine provides that the lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment. Such jurisdiction is lacking because within the federal system, only the Supreme Court may review a state court judgment.

*Hachamovitch v. DeBuono,* 159 F.3d 687, 693 (2d Cir. 1998). *See also Johnson v. Orr*, 551 F.3d 564, 567 (7th Cir. 2008) ("The Rooker–Feldman doctrine states that federal courts, other than the Supreme Court, do not have jurisdiction to review decisions of state courts in civil cases."); *Paulson v. Wein (In re Paulson)*, 477 B.R. 740, 743 (8th Cir. BAP 2012) ("The doctrine precludes a federal action if the relief in the federal action would effectively reverse the state court decision or void its holding") (citations and internal quotation marks omitted.); *Kline v. Deutsche Bank Nat'l Trust Co. (In re Kline)*, 472 B.R. 98, 105 (10th Cir. BAP 2012) ("If success on the claims alleged in federal court would necessarily require the federal court to review and reject the state court's judgment, *Rooker-Feldman* applies.") (citing *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1192, 1194 (10th Cir. 2010)).

> The doctrine of Rooker–Feldman takes its name from two United States Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). These two cases prevent parties from bringing claims in federal district courts when the plaintiff in federal court seeks to void the state court judgment, *Rooker*, 263 U.S. at 416, 44 S.Ct. 149, or, when the claim is "inextricably intertwined" with the state adjudication, *Feldman*, 460 U.S. at 486–487, 103 S.Ct. 1303.

*Washington v. Saxon Mortgage Services (In re Washington)*, 469 B.R. 587, 592 (Bankr. W.D. Pa. 2012).

The Rooker-Feldman doctrine is derived from 28 U.S.C. § 1257(a),[6] and it "provides that only the Supreme Court has jurisdiction to hear appeals from final state court judgments." *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006) (citation omitted.). As recently explained by the Supreme Court, however, the doctrine "is confined to ... cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Bear* court emphasized that *Exxon Mobil* required that the federal action be filed *"after the state proceedings ended."* *Bear*, 451 F.3d at 641, citing *Exxon Mobil*, 544 U.S. at 291) (emphasis added by *Bear* court.) The *Bear* court also clarified that if a lower state court issues a judgment and the losing party allows the time for appeal to expire, then the state proceedings have ended for Rooker-Feldman purposes, and a federal court may not then consider that judgment or any claim inextricably intertwined with it. *Id.* at 642.

In *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012), the Tenth Circuit discussed the Supreme Court's use of the term "inextricably intertwined."

---

[6] 28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

-4-

> We think it best ...[to] not try[] to untangle the meaning of *inextricably intertwined*. The essential point is that barred claims are those "complaining of injuries caused by state-court judgments." *Exxon Mobil*, 544 U.S. at 284. In other words, an element of the claim must be that the state court wrongfully entered its judgment.

*See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) ("[T]he federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.) (Marshall, J., concurring).

The Court finds that the Rooker-Feldman doctrine prohibits the Court from granting Debtors' requested relief. Debtors litigated the issue of the Agreement's validity in state court, and lost.[7] The state court judgment must now be final. *See* Rule 12-210(A)(2) NMRA (party has 30 days after entry of a judgment or order to appeal). Debtors' Motion to Reopen was filed on February 1, 2013. If the time to appeal had not expired when Debtors filed the Motion, it has by now.

Debtors "commenced" their federal action by filing the Motion, which was after the state court rendered its decision. They argue that the state court erred when it ruled the Agreement was enforceable. Debtors are asking this Court to overrule the state court's decision about the enforceability of the Agreement. This meets all the requirements for application of the Rooker-Feldman doctrine. This Court lacks therefore jurisdiction, and must deny the requested relief.

### III. THE AGREEMENT IS ENFORCEABLE IN ANY EVENT

---

[7] There is no question the state district court had jurisdiction to rule that the reaffirmation agreement was valid. *See Booth v. Nat'l City Bank (In re Booth)*, 242 B.R. 912, 915 (6th Cir. BAP 2000) ("Under 28 U.S.C. § 1334(b), bankruptcy courts and state courts have concurrent jurisdiction to determine the validity of reaffirmation agreements.) (citing *Michigan Employment Sec. Comm'n v. Wolverine Radio, Inc. (In re Wolverine Radio, Inc.)*, 930 F.2d 1132, 1141 n.14 (6th Cir. 1991)). *See also In re Grabinski*, 150 B.R. 427, 431-32 (Bankr. N.D. Ill. 1993) (bankruptcy courts have exclusive jurisdiction to approve the execution of a reaffirmation agreement but state courts have the jurisdiction to determine if a loan was reaffirmed during the bankruptcy case.)

As an alternative ruling, the Court finds that the Agreement is enforceable despite the missing page.

For debtors represented by an attorney, the reaffirmation process is set forth in 11 U.S.C. § 524(c), which incorporates disclosure requirements found in § 524(k). Section 524(c) contains seven requirements for a reaffirmation agreement to be enforceable.[8] Each will be addressed.

1. <u>11 U.S.C. § 524(c) and (c)(1)</u>. A reaffirmation agreement must be enforceable under applicable nonbankruptcy law, and must have been made before Debtors' discharge is entered.

    A. <u>When the Agreement Was Made</u>. A reaffirmation agreement is a contract between a debtor and a creditor and the bankruptcy court looks to state law when deciding if a contract was formed, and when. *In re Merritt*, 366 B.R. 637, 640 (Bankr. W.D. Tex. 2007). Under New Mexico law, an offer and acceptance creates a binding contract when there is an objective manifestation of mutual assent by the parties to the material terms of the contract. *Pope v. Gap, Inc.*, 1998-NMCA-103, ¶ 11, 125 N.M. 376, 379-80. 961 P.2d 1283, 1286-87 (Citing *Trujillo v. Glen Falls, Ins. Co.*, 88 N.M. 279, 280-81, 540 P.2d 209, 210-11 (1975)). And, the existence of mutual assent is based on objective evidence. *Id.* at ¶ 13, 125 N.M. at 380, 961 P.2d at 1287 (citations omitted.)

The objective evidence in this case is that Debtors listed an intention to reaffirm their debt with Ford. Ford's attorney prepared a complete reaffirmation agreement and presented it to the Debtors, who consulted with their attorney and signed it on March 23, 2011. "The fact that the debtor promptly signed an agreement to waive her discharge as to [Ford], using a form furnished to her by [Ford], constitutes objective evidence of the assent on the part of both the

---

[8] The unnumbered requirement is found in the first sentence of §524(c), i.e. that the agreement is enforceable "only to any extent enforceable under applicable nonbankruptcy law." 11 U.S.C. § 524(c).

debtor and [Ford] that the reaffirmation agreement as written constituted the agreement of the parties." *Merritt*, 366 B.R. at 641. Debtors were discharged on June 1, 2011. Therefore, the agreement was made before the granting of the discharge.

      B.    <u>Enforceable Under Nonbankruptcy Law</u>. Although one page of disclosures is missing from the filed Agreement, the omission does not render the Agreement unenforceable. The terms of the contract are determined by reference to what was objectively agreed upon, not what was later filed in the court. *See* UJI 13-817, NMRA Civ. ("A modification occurs when the parties intend to continue the contractual relationship but wish to change one or more of the terms of the contract. In order for a modification to the contract to be effective, there must be mutual assent of [both] _____ and _____ to the modification."). A clerical error that results in a missing page does not modify the terms of a contract. *See also Elliott & Frantz, Inc. v. Ingersoll-Rand Co.*, 457 F.3d 312, 322 (3rd Cir. 2006)("[U]nilateral statements or actions made after an agreement has been reached or added to a completed agreement clearly do not serve to modify the original terms of a contract.") (citation omitted.)

      2.    <u>11 U.S.C. § 524(c)(2)</u>. The debtor must receive the disclosures described in subsection (k) at or before the time the debtor signed the agreement. Here, the Court finds that Debtors received the required disclosures. The missing page contains some of the disclosure required by § 524(c)(2) and 524(k)(3)(J). Nevertheless, Debtors did not dispute Ford's assertion that the page was sent to them. Furthermore, the disclosure on the missing page are the kinds of disclosure Debtor's counsel would discuss with her clients before certifying that the Agreement was a "fully informed agreement" and that she had "fully advised the debtors of the legal effect and consequences of a reaffirmation agreement and default." 11 U.S.C. § 524(c)(3). *See also Gomez v. Wells Fargo Bank, N.A. (In re Gomez)*, 473 B.R. 322, 330 (Bankr. W.D. Ark. 2012)

(the certification by counsel negates any argument that the debtor was not advised of the legal effect of a reaffirmation agreement).

    3. <u>11 U.S.C. § 524(c)(3)</u>.  The agreement must be filed with the court, and, if the debtor was represented by an attorney during the negotiation of the agreement, must include a declaration or affidavit[9] of the attorney that contains the information specified in § 524(k)(5)(A).  These requirements have been satisfied.

 Furthermore, § 524(c)(3) does not set forth a deadline for filing the agreement.  In *Merritt* a creditor filed a reaffirmation agreement signed by the debtor eighteen months previously, and some fourteen months after her discharge.  *Merritt*, 366 B.R. at 638.  The court found that the creditor "rather obviously dropped the ball."  *Id.* n. 2.  The court concluded, however, that "The agreement here under consideration, then, is not rendered invalid by its extraordinarily tardy filing."  *Id.* at 640.  "Hopefully, the creditor appreciates that the clerk of court did not require the creditor to first file a motion to re-open the case as a predicate to filing this reaffirmation agreement.  The clerk would have been well within his rights to do so."  *Id.* n. 5.  So, presumably, Ford could cure any omission by seeking to reopen Debtors' bankruptcy case to file the missing page.

    4. <u>11 U.S.C. § 524(c)(4)</u>.  A reaffirmation agreement is no longer effective if the debtor rescinds at any time prior to discharge or within sixty days after the agreement is filed with the court, which occurs later, by giving notice of rescission to the holder of the claim.  Debtors filed a Notice of Rescission on July 8, 2011, which was after discharge and more than 60 days from the filing date.  It therefore was not timely and did not rescind the Agreement.  It also does not state that it was served on Ford.

---

[9] Section 524(k)(5) requires a "declaration" that states "Certification by Debtor's Attorney", while section 524(c)(3) requires a "declaration or affidavit."

-8-

Case 11-10539-t7    Doc 19    Filed 03/26/13    Entered 03/26/13 17:13:53 Page 8 of 10

5. <u>11 U.S.C. § 524(c)(5)</u>. The provisions of § 523(d) must be complied with. Section 523(d) applies only to debtors that were not represented by an attorney, and is not applicable here. *See Ford Motor Credit Co., LLC v. Morton (In re Morton)*, 410 B.R. 556, 561-62 (6th Cir. BAP 2009) (analyzing only sections 524(c)(1) through (4) to determine if a reaffirmation agreement was enforceable for a debtor represented by counsel.)

6. <u>11 U.S.C. § 524(c)(6)</u>. Finally, § 523(c)(6) requires court approval in some circumstances, e.g. when debtors are pro se. As Debtors were represented by counsel in this case, the subsection does not apply.

From the above, the Court finds that the Agreement meets the statutory requirements and is an enforceable obligation.

## IV. CONCLUSION

The Motion will be denied for the alternative reasons set forth above. This Memorandum Opinion shall constitute the Court's findings of fact and conclusions of law under Fed.R.Bankr.P. 7052. An appropriate order be entered.

_____
Honorable David T. Thuma
United States Bankruptcy Judge

Date entered on docket: March 26, 2013

Copies to:

Oralia B Franco
2000 E Lohman Suite A-1
Las Cruces, NM 88001

Allan L Wainwright
800 Lomas Blvd NW
Albuquerque, NM 87102-3150

EXHIBIT A TO MEMORANDUM OPINION
In re Maynard, Case 7-11-10539-TL (Bankr. D. N.M. 2011)

5

# YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled) by sending notice to:

Ford Motor Credit Company LLC
c/o Law Offices of Allan L. Wainwright
800 Lomas NW
Albuquerque, NM  87102

**Frequently Asked Questions:**

<u>What are your obligations if you reaffirm the debt?</u> A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

<u>Are you required to enter into a reaffirmation agreement by any law?</u> No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

<u>What if your creditor has a security interest or lien?</u> Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

**NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.